UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**ARCHIE M. WHALEN**                                                                                **PLAINTIFF**

**v.**                        **CIVIL ACTION NO. 4:24-CV-11-JHM**

**UNITED STATES OF AMERICA**                           **DEFENDANT**

### MEMORANDUM OPINION

On January 29, 2024, the Court received "A Motion Seeking Prosecutor Misconduct Investigation Against the Government and Its A.U.S.A. Mrs. Ford." [DN 1]. Upon receipt of this motion, the Court opened this case as a *new* action as requested, and the Clerk of Court issued a notice of deficiency [DN 3] directing Whalen either to pay the $405.00 filing fee or to file an application to proceed without prepayment of fees along with a certified copy of his prison trust account statement. The Clerk of Court also directed Whalen to submit his 42 U.S.C. § 1983/*Bivens* civil rights action on the proper form. *See* [DN 7].

Whalen filed a motion for an extension of time to comply with the Court's March 21, 2024, Memorandum and Order. [DN 9]. The Court granted the motion for extension of time and set June 3, 2024, as the date to comply with the Court's Order. [DN 10]. On May 20, 2024, Whalen filed his 42 U.S.C. § 1983/*Bivens* civil-rights action on the proper form [DN 12] and filed an application to proceed without prepayment of fees and a copy of his prison trust account statement [DN 13, DN 14]. However, upon a review of Whalen's filings, the Court found that the application to proceed without prepayment of fees [DN 13] did not have Whalen's signature on the first page and the copy of his prison trust account statement was not certified by the prison [DN 14]. As such, the Court concluded that the filings were deficient.

The Court ordered Whalen to sign his application to proceed without prepayment of fees and affidavit form and submit a certified copy of his prison trust account statement for the six-

month period preceding the filing of the complaint. The Order warned Plaintiff that his failure to comply with the deadlines set forth in the Order would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. The time for compliance has passed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (cleaned up). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff has failed to comply with a straightforward order of this Court, despite being warned that dismissal would occur without compliance, the Court will dismiss this action by separate order.

Date: July 11, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014

2